

**NUMBER 13-15-00428-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JERRY HARTFIELD                                                   **Appellant,**

**v.**

STATE OF TEXAS                                                    **Appellee.**

---

**On appeal from 130th District Court
of Matagorda County, Texas.**

---

# ORDER OF ABATEMENT

**Before Justices Benavides, Perkes, and Longoria
Order Per Curiam**

This case is currently pending before this Court on an accelerated appellate schedule. On April 14, 2016, the State of Texas filed a "Motion to Submit Matter to the Trial Court for Resolution of [a] Factual Dispute Regarding Omissions in [the] Reporter's Record." In this motion, the State argues that a dispute exists between it and appellant regarding whether a hearing that took place on December 19, 2013 should be a part of

the appellate record. Additionally, the State filed motions to abate this appeal and extending briefing deadlines pending the final resolution of whether the appellate record is complete in this case. Appellant filed a response to the State's motions and argues that the complained-of reporter's record is unnecessary and irrelevant to this Court's determination of his appeal.

Texas Rule of Appellate Procedure 34.6(e)(1) provides that the parties to an appeal may agree to correct an inaccuracy in the reporter's record. TEX. R. APP. P. 34.6(e)(1). However, if a dispute arises between the parties after the reporter's record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution by holding a hearing to determine whether any inaccuracy exists in the reporter's record and whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate. See id. R. 34.6(e)(2)–(3). In this case, the reporter's record was filed on February 16, 2016. The State now asserts by their motion that the reporter's record is inaccurate because it fails to include the reporter's record from a December 19, 2013 hearing in the trial court.

Because appellant disagrees that the reporter's record on appeal is inaccurate, a dispute exists as to the accuracy of the reporter's record filed on appeal. Accordingly, we GRANT the State's motion to submit this matter to the trial court for resolution pursuant to Rule 34.6(e)(3). Likewise, we ABATE this appeal for the trial court to hold such a hearing pursuant to Rule 34.6(e)(3) within twenty days of this order and settle the dispute involving the accuracy and completeness of the reporter's record on appeal. We further order that after the trial court conducts such a hearing, it file with this Court: (1) findings

of fact and conclusions of law and any order supporting its ruling; as well as (2) a supplemental reporter's record transcribing such hearing within twenty days of that hearing date. Once such filings are made with this Court, the appeal will be reinstated. Finally, in light of the expedited nature of this case, we DENY the State's motion to extend all briefing deadlines for 14 days until final resolution of the State's Rule 34.6(e)(3) motion. Instead, the briefing schedules remain as originally ordered; however, if the trial court finds that the reporter's record was inaccurate and should be supplemented, we order the appellant to file supplemental briefing within ten days of the trial court's ruling, and the State may file a response to any supplemental briefing by the appellant within ten days of when appellant files his supplemental briefing.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of May, 2016.

3